UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

LEE E. PETERSON

DEFENDANT.

Civil Case No. 01-CV-234 RHK/RLE

**JUDGMENT**

The Clerk of this Court having entered default on March 16, 2001, against Lee E. Peterson, now on motion of plaintiff, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it is hereby

ORDERED AND ADJUDGED as follows:

1. Judgment is entered in favor of the plaintiff, the United States of America, against the defendant Lee E. Peterson for the unpaid assessed balance of income, employment and unemployment taxes and related interest and penalties in the amount of $86,395.07, plus accrued interest and penalties from the dates of assessment set forth herein, as allowed by law, plus costs of this action, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §§ 1961(c). The sum of $86,395.07 consists of federal income, employment and unemployment taxes assessed for the amounts and periods as set forth below:

| Type of Tax | Period Ending | Assessment Date | Unpaid Assessed Balance | Total Accrued Balance as of February 6, 2001 |
|---|---|---|---|---|
| 941 | September 30, 1989 | February 11, 1991 | $3,108.10 | $7,411.31 |
| 941 | March 31, 1990 | February 11, 1991 | $5,285.69 | $12,664.93 |

FILED MAY 31 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 31 2001
DEPUTY CLERK

ORIGINAL

| Type of Tax | Period Ending | Assessment Date | Unpaid Assessed Balance | Total Accrued Balance as of February 6, 2001 |
|---|---|---|---|---|
| 941 | June 30, 1990 | October 12, 1992 | $9,000.58 | $18,502.36 |
| 941 | September 30, 1990 | October 12, 1992 | $6,154.28 | $12,749.33 |
| 941 | December 31, 1990 | October 12, 1992 | $4,205.17 | $8,762.78 |
| 940 | December 31, 1990 | October 12, 1992 | $4,726.39 | $9,848.84 |
| 1040 | December 31, 1988 | July 6, 1992 | $8,159.00 | $12,254.98 |
| 1040 | December 31, 1998 | July 19, 1999 | $3,351.89 | $4,200.54 |
| Total | | | $43,991.10 | $86,395.07 |

ORDERED AND ADJUDGED this 31st day of May, 2001.

RICHARD H. KYLE
UNITED STATES DISTRICT COURT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAY 31 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995